JACOB STERN, RESPONDENT, v. HARRY GARBER ET AL., APPELLANTS.

Argued May 22, 1928—Decided October 15, 1928.

For the appellants, *Isadore Sacks.*

For the respondent, *Thompson & Hanstein.*

The opinion of the court was delivered by

MINTURN, J.   The respondent, Jacob Stern, entered into an agreement with the defendants on April 14th, 1926, in accordance with which Stern paid to the defendants $5,000 as a deposit on account of the purchase price of certain lands situated on the line of the White Horse pike, in Atlantic county.

The agreement *inter alia* provided that the title was to be good and marketable, and such as would be insured by any reputable title company in the state.   The Chelsea Title and Guaranty Company was selected by agreement to make the search, and to issue the policy of title insurance.   As a result of the search the title company refused to insure against the outstanding interest of one Abraham Browning, as well as two alleged outstanding corporate interests, both involving rights of way over the *locus in quo.*   Thereafter, the complainant having rejected the title, the defendants filed a bill in the Court of Chancery praying for a decree of specific performance, which bill, after hearing and argument, was dismissed by the learned vice-chancellor before whom the cause

was heard, and the decree was subsequently affirmed here. Suit was thereafter instituted in the Atlantic County Circuit Court by the plaintiff for the return of the deposit, together with search fees and expenses, and judgment was demanded for $25,000. Various interlocutory proceedings were had in the suit, but the result of the trial was that upon the plaintiff's motion the learned trial court directed a verdict for the plaintiff for $5,000, with interest, together with the sum of $1,000 search fees expended by the plaintiff for the search of the title to the premises, and judgment was accordingly entered in favor of the plaintiff and against the defendants for the sum of $6,512.50, from which adjudication this appeal has been taken.

The main contention upon the appeal, however, which upon the record requires consideration, is the argument presented concerning the direction of a verdict for the payment of the search fee, amounting to $1,000. The basis for the allowance of the fee, under our present legal procedure, is entirely statutory, since contractual relationship of the title company with the defendants was non-existent, and no liability could be predicated against them upon that basis. The statute (*Pamph. L.* 1915, *ch.* 159), however, presents the legal basis for the liability, and by its terms enables this vendee to recover from the vendor "the reasonable expenses of examining the title." There was no proof offered as to the reasonableness of the charge for the search, and its value in that regard could rest only upon a presumptive basis. What is reasonable in any given circumstances is a question of fact, and as such is peculiarily a question for the jury, and not for the court to determine. *"Ad questionem facti non respondent judices"* is a maxim of the common law as ancient at least as Coke. 1 *Co. Litt.* 295; 2 *Bouv.* 70. And so it is uniformly declared, "Whenever evidence is offered which is in its nature *prima facie* presumptive proof, its character as such ought not to be disregarded. * * * Whatever just inference it may derive from that character, the jury have a right to give to it, and any interference with this right would be an invasion of their privilege to respond to matters of fact." 16 *R. C. L.* 186; *Crane* v. *Morris* (*U. S.*), 6 *Pet.* 598.

, Our conclusion, therefore, is that while the remaining portion of the court's direction was unobjectionable, the question of the reasonableness of the charge made by the title company under the circumstances was a question for the jury.

The judgment will therefore be reversed, and a *venire de novo* ordered.

*For affirmance*—PARKER, BLACK, CAMPBELL, LLOYD, WHITE, DEAR, JJ. 6.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, MINTURN, KALISCH, KATZENBACH, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 9.